O

# United States District Court
# Central District of California

| | |
|---|---|
| MONSTER FILM LIMITED, a corporation, | Case No. 2:16-cv-01414-ODW(KS) |
| Plaintiff, | **ORDER GRANTING COUNTER-DEFENDANT'S EX PARTE MOTION TO SET ASIDE ENTRY OF DEFAULT [130]** |
| vs. | |
| GALLOPING ILLUSIONS PTY LTD., a corporation, CARLOS ALPERIN, an individual, ROHAM GHODSI, an individual, CHRISTIAN MARTINEN, an individual, and DOES 1-100, inclusive, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | |

On April 5, 2018, Defendant and Counter-Claimant Christian Martinen ("Martinen") requested the Clerk to enter default against Plaintiff and Counter-Defendant Monster Film Limited ("Monster").  (ECF No. 125.)  The Clerk of Court entered default against Monster on April 6, 2018.  (ECF No. 129.)  Monster then applied ex parte to set aside the default ("Application") on April 10, 2018, and Martinen opposed the Application on April 11, 2018.  (Appl., ECF No. 130; Opp'n, ECF No. 133.)  For the reasons set forth below, the Court **GRANTS** Monster's Application.  (ECF No. 130.)

Monster argues that there is good cause to set aside the default because (1) Monster's conduct was not culpable, but rather a result of genuine confusion and misunderstanding of the relevant legal standard applicable to service of process of the Counterclaim; (2) Martinen would not be prejudiced by vacating the entry of default; and (3) Monster has a meritorious defense.  (Appl. 2.)  Monster now asks that entry of default be set aside so that it may properly defend the case.

Federal Rule of Civil Procedure 55(c) gives a district court the discretion to set aside entry of default upon a showing of good cause.  In assessing whether good cause exists to set aside default, district courts look at three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  Courts must also keep in mind that default judgments are "appropriate only in extreme circumstances" and cases should be decided on the merits whenever possible. *Falk*, 739 F.2d at 463.

///

///

///

///

The Court finds that good cause exists for setting aside entry of default in this case.  Martinen is unlikely to be prejudiced, as he has a pending motion for summary judgment and the parties are actively participating in this litigation.  (*See* ECF No. 114.)  Monster indicates that it has sufficient evidence of a meritorious defense against Martinen's sole claim of negligence and has submitted a proposed Answer to Martinen's Counterclaim with its Application.  (Appl. 11.)

As to Monster's culpability, Monster claims that it did not file an answer to Martinen's Counterclaim, because its counsel believed in good faith that the Counterclaim was not properly served, and thus its actions were not culpable.  (Appl. 8.)  The Court finds Monster's claim hard to swallow.  Monster does not dispute that it had actual knowledge of Martinen's Counterclaim.  Counsel should not rely on supposed improper service and avoid filing a responsive pleading, or any challenge to service at all, when entry of default is on the line.  As members of the bar, attorneys owe their clients more than taking such a risk.  Martinen argues that Monster "made a deliberate decision to ignore the Counterclaim, instead of arguing ineffective service at that time."  (Opp'n 8.)  It's clear from Monster's response that the decision not to respond was, in fact, deliberate, which the Court finds to be ill advised.  However, the Court decides to give Monster the benefit of the doubt here, and concludes that it has presented sufficient support that its failure to plead was in good faith.  Accordingly, there is good cause for the Court to excuse Monster's failure to respond to Martinen's Counterclaim.

///

///

3

The Court finds that it is appropriate to decide Martinen's Counterclaim on the merits, because this is not an "extreme circumstance" that warrants default. Accordingly, the Court **GRANTS** Monster's Motion to Set Aside Entry of Default. (ECF No. 130.) Monster shall file its answer as a separate docket entry within 7 days of the date of this order. Failure to timely file an answer will result in the entry of default that will be much more difficult to set aside.

**IT IS SO ORDERED.**

April 11, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

4